Dear Dr. Antonio:
You have requested this office to render an opinion on the following question:
 If Southwest Missouri State University proposes to enter into an agreement with a private accounting or auditing firm whereby the private firm is to provide audit services for the University, is the University required to obtain the approval of the State Auditor prior to entering into such agreement.
There is no such requirement imposed by statute, either in Chapter 29, RSMo, pertaining to the State Auditor, or in Chapter 174, RSMo, pertaining to state colleges. The resolution of your question will therefore revolve around a pertinent rule promulgated by the State Auditor and its validity.
The State Auditor has authority under Section 29.100, RSMo 1978, to promulgate "reasonable rules and regulations for the administration and enforcement of his powers and duties under the provisions of this chapter." Acting under this authority, the Auditor has promulgated the following rule, found at15 CSR 40-2.020(1):
 No state officer, agency or institution shall enter into any agreement with any accounting or auditing firm or employ any person to perform audit functions or establish accounting systems until a copy of the contract or agreement has been approved by the state auditor in writing.
The question presented brings into issue only that portion of the rule which pertains to contracts for audit functions. For the purposes of this opinion, the phrase "audit services" as used in the opinion request will be taken as equivalent to "audit functions" as used in 15 CSR 40-2.020(1), and distinguishable from "establish[ing] accounting systems" as used in the rule.
Southwest Missouri State University is a state institution within the intendment of 15 CSR 40-2.020(1), and is therefore within the category of institutions to which the rule is generally applicable. If the rule is a valid exercise of the authority of the State Auditor under Section 29.100, RSMo 1978, the question presented must be answered in the affirmative; if the rule is not within the authority of the State Auditor, the question must be answered in the negative.
In order for 15 CSR 40-2.020(1) to be a valid exercise of the Auditor's rule-making authority under Section 29.100, RSMo 1978, it must be reasonable, and it must have as its purpose the administration or enforcement of some power or duty conferred upon the State Auditor under Chapter 29, RSMo. Because of the conclusion reached in this opinion, it is unnecessary to discuss whether 15 CSR 40-2.020(1) is reasonable within the meaning of Section 29.100, RSMo 1978.
Section 29.200, RSMo 1978, is of all sections in Chapter 29, RSMo, most closely related to the subject matter of15 CSR 40-2.020(1). It will therefore be examined to determine whether it gives the Auditor any power or duty the administration or enforcement of which is implemented by 15 CSR 40-2.020(1).
Section 29.200, RSMo 1978, provides:
 The state auditor shall postaudit the accounts of all state agencies and audit the treasury at least once annually. Once every two years, and when he deems it necessary, proper or expedient, the state auditor shall examine and postaudit the accounts of all appointive officers of the state and of institutions supported in whole or in part by the state. He shall audit any executive department or agency of the state upon the request of the governor.
This section requires the State Auditor to postaudit the accounts of all state agencies. In order for the Auditor to perform this function, however, it is not necessary for the Auditor to have approval authority over contracts between state agencies and private auditing firms for auditing services. Rule15 CSR 40-2.020(1), so far as it pertains to contracts for audit services, does not appear to be relevant to the administration or enforcement of any power or duty of the Auditor under Section 29.200, RSMo 1978, or under any other provisions in Chapter 29, RSMo.
The intent of 15 CSR 40-2.020(1) as it pertains to audit services appears to be to give the State Auditor broad power to regulate and control the relationship between state institutions and agencies and private auditing firms performing audit services. This is not a power granted the Auditor under Chapter 29, RSMo, nor is this broad power necessary for the Auditor to administer or enforce any power or duty granted under that chapter. Although the Auditor may well have a legitimate, statutory interest in preventing conflicts which might arise where the Auditor and a contractually retained, private auditing firm both sought to audit a state agency at the same time, prevention of this type of conflict does not appear to be the purpose of 15 CSR 40-2.020(1).
We therefore believe that Rule 15 CSR 40-2.020(1) exceeds the rule-making authority of the State Auditor under Section29.100, RSMo 1978, to the extent that it requires prior approval by him of a contract for audit functions between a state agency or institution and a private accounting or auditing firm.
CONCLUSION
It is the opinion of this office that Southwest Missouri State University is not required to obtain the approval of the State Auditor prior to entering into a contract for audit services with a private accounting or auditing firm.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Scott A. Woodruff.
Sincerely yours,
 JOHN ASHCROFT Attorney General